**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

AGUSTINA R. C.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Case No. 26-cv-4353 (LMP/DJF)

**ORDER GRANTING PETITION**

---

Kira Aakre Kelley, **Climate Defense Project, Minneapolis, MN**, for Petitioner.

Sarah Mazzie, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Agustina R. C.[1] brings a petition for a writ of habeas corpus, challenging the legality of her arrest and detention. For the following reasons, the petition is granted.

## BACKGROUND

Agustina is a Mexican citizen and national. ECF No. 6-4 ¶ 4. Agustina has lived in the United States since 2000 and has committed no crimes. ECF No. 6-3 at 3. She

---

[1] The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

resides in Brooklyn Park, Minnesota, with her husband, Efrain A. H.[2], and three children, who are United States citizens. ECF No. 6-3 at 2. Two of Agustina and Efrain's children are younger than eighteen years old. *Id.*

On the morning of October 6, 2026, Agustina, Efrain, and their adult son were driving in a vehicle registered to Efrain. *Id.* Immigration and Customs Enforcement ("ICE") officers noticed the vehicle, checked its registration, and determined that Efrain does not have lawful immigration status. *Id.* ICE stopped the vehicle. ECF No. 6-4 ¶ 5. When asked for identification, Agustina produced a Mexican consulate identification card and confirmed that she also does not have lawful status. *Id.* ¶¶ 6–7. ICE officers arrested Agustina and handcuffed her. *Id.* ¶ 8. After transporting Agustina to a secure location, ICE served her with an I-200 arrest warrant. *Id.* ¶ 9. During processing, Agustina accepted voluntary departure from the United States. *Id.* ¶ 11; ECF No. 6-2 at 2.

On October 9, 2026, Agustina petitioned for a writ of habeas corpus. ECF No. 1. That same day, the Court ordered the Government to show cause why the writ should not issue and ordered Respondents not to move Agustina outside the District of Minnesota during the pendency of these proceedings. ECF No. 2. As it turns out, the Government had already transported Agustina to Texas on October 9, her flight departing nineteen

---

[2] Efrain also filed a habeas petition, which United States District Court Judge John R. Tunheim granted. *Efrain A. H. v. Blanche*, No. 26-cv-4351 (JRT/LIB), 2026 WL 3181422 (D. Minn. Oct. 23, 2026). The background of Agustina and Efrain's encounter with Immigration and Customs Enforcement is further detailed in the order granting Efrain's petition. *See id.* at *1.

minutes before the filing of her petition.[3] ECF No. 5. The Government and Agustina provided timely briefing. *See* ECF Nos. 6, 7.

**ANALYSIS**

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

Agustina asserts that she is entitled to immediate release because ICE agents arrested her without a valid warrant. "As a general rule, it is not a crime for a removable alien to remain present in the United States," so authorities may not arrest "someone based on nothing more than possible removability." *Arizona v. United States*, 567 U.S. 387, 407 (2012). Instead, "federal statutory structure instructs when it is appropriate to arrest an alien during the removal process." *Id.* The first scenario when arrest is appropriate is with a valid warrant. For a warrant to be valid, it must be issued concurrently with or after the issuance of a Notice to Appear in removal proceedings. 8 C.F.R. § 236.1(b)(1) ("At the time of issuance of the notice to appear, or at any time thereafter . . . the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."); *see also Pedro D. C. v. Blanche*, No. 26-cv-2450 (KMM/DLM), 2026 WL 1759444, at *1

---

[3] Neither party suggests that Agustina's relocation to Texas deprives the Court of jurisdiction over Agustina's petition.

(D. Minn. June 18, 2026). In other words, Respondents may arrest a noncitizen using a warrant if the warrant was issued at the same time or before the issuance of a Notice to Appear. *Martha C. G. P. v. Blanche*, No. 26-cv-2308 (DWF/JDF), 2026 WL 1329577, at *3 (D. Minn. May 13, 2026). That did not happen here.

The Government concedes that ICE did not issue a Notice to Appear at all. ECF No. 6-4 ¶ 11. In fact, the Government asserts that it will never issue Agustina a Notice to Appear. ECF No. 6 at 9. According to the Government, a Notice to Appear only issues when removal proceedings are required, and Agustina waived those proceedings by accepting voluntary departure. *Id.* at 10. But Agustina accepted voluntary departure *after* ICE arrested her and served her with a warrant. ECF No. 6-4 ¶¶ 11–12. The Court sees no reason to deviate from the holding of Judge Tunheim in relation to Agustina's husband who also had accepted voluntary departure. *Efrain A. H.*, 2026 WL 3181422, at *2. Agustina's subsequent decision does not cure the defect of the Government's failure to issue the requisite Notice to Appear. *See id.* ("The Court does not assess the voluntary departure argument because Petitioner signed the form only after being taken into custody without a lawful administrative warrant."). Because ICE had not issued a Notice to Appear, the warrant was invalid. *See Pedro D. C.*, 2026 WL 1759444, at *1.

Absent a valid warrant, ICE "officers have more limited authority," *Arizona*, 567 U.S. at 408, and ICE may arrest a noncitizen only when an officer has "reason to believe" (1) that a noncitizen is in violation of the immigration laws; and (2) "is likely to escape before a warrant can be obtained for [her] arrest." 8 U.S.C. § 1357(a)(2). The

language "reason to believe" in 8 U.S.C. § 1357(a)(2) "means constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

ICE met the first prong. When asked for identification, Agustina presented a Mexican consular identification card and stated that she had "no ID from the United States." ECF No. 6-3 at 2. Agustina then admitted to officers that she has no lawful status. *Id.* Based on these facts, ICE had reason to believe Agustina was in violation of immigration laws.

Respondents do not, however, meet the second prong because the evidence does not suggest a reason to believe that Agustina was likely to escape before a valid warrant could be obtained. "Likely to escape" under Section 1357(a)(2) means "likely to evade detention by immigration officers." *Walther Ademir A. S. v. Blanche*, No. 26-cv-2804 (LMP/SGE), 2026 WL 1734906, at *3 (D. Minn. June 16, 2026) (quoting *Hussen v. Noem*, 822 F. Supp. 3d 944, 988 (D. Minn. 2026)). And that inquiry "considers not just whether the noncitizen will be located at the scene of encounter with immigration enforcement but also whether immigration enforcement would be able to arrest the noncitizen at 'another clearly identifiable location.'" *Id.* (quoting *Escobar Molina v. U.S. Dep't of Homeland Sec.*, No. 25-cv-3417 (BAH), 2026 WL 1256234, at *39 (D.D.C. May 7, 2026)).

Agustina was not on ICE's radar. She had lived in the United States for more than two decades without any interaction with ICE. ECF No. 6-3 at 3. It was only on October 6, 2026, when ICE stopped the vehicle driven by Agustina's husband, that ICE first encountered her as a passenger. *Id.* at 2. At that time, ICE knew Agustina's home address based on Efrain's identification card and his vehicle's registration information. ECF

No. 7-1 at 5; *see also Efrain A. H.*, 2026 WL 3181422, at *3 (finding no showing that Efrain was likely to escape because of these facts). And ICE prepared an I-213 form for Agustina, which lists the same home address in Minneapolis, Minnesota,[4] as Efrain. *Id.* at 4; ECF No. 6-3 at 1. ICE also knew that Agustina and Efrain have three U.S. citizen children, including one who is nine years old and another who is seventeen years old. ECF No. 6-3 at 2–3. ICE confirmed that Agustina's twenty-two-year-old son could care for the minor children before arresting her. *Id.* at 2. Because ICE knew where Agustina lived and that she had three U.S. citizen children, ICE did not have "reason to believe" that Agustina was likely to escape before they could obtain a valid warrant. 8 U.S.C. § 1357(a)(2); *see also Walther Ademir A. S.*, 2026 WL 1734906, at *3 (concluding that a warrantless arrest is invalid if petitioner could be located "once an administrative warrant is obtained").

Without a valid warrant or basis for a warrantless arrest, ICE could not lawfully detain Agustina. And the proper remedy for an unlawful warrantless arrest is release. *See Walther Ademir A. S.*, 2026 WL 1734906, at *4.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Agustina R. C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** to release Agustina R. C. from custody without conditions and with all personal property and return her to Minnesota by no later than 5:00 p.m. on Friday, October 30, 2026;

---

[4] Agustina's city is listed as "Minneapolis," on her I-213 form, ECF No. 6-3 at 1, but the apartment is actually located in Brooklyn Park.

3. The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 5:00 p.m. on Monday, November 2, 2026; and

4. If the Government seeks to retain Agustina R. C.'s property, the Government's status report must include: (a) the property retained; and (b) the legal basis on which the property is retained.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 27, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge